

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00076-CR
_____

COREY LEE MOORE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 90th District Court
Young County, Texas
Trial Court No. CR12253

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

A Young County jury convicted Corey Lee Moore of theft of property valued at $2,500.00 or more but less than $30,000.00. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(A) (Supp.). After Moore pled true to the State's punishment enhancement allegations, the jury assessed a sentence of ten years' imprisonment and a $10,000.00 fine. Moore appeals.[1]

Moore's attorney has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On October 18, 2024, counsel mailed to Moore copies of the brief, the motion to withdraw, and a motion for pro se access to the appellate record lacking only Moore's signature. Moore was informed of his rights to review the record and file a pro se response. On October 18, we informed Moore that his pro se motion for access to the appellate record was due

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Second Court of Appeals in deciding the issues presented. *See* TEX. R. APP. P. 41.3.

on or before November 4. By letter dated December 2, this Court informed Moore that the case would be set for submission on December 23. We received neither a pro se response from Moore nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, nonreversible error is found in the trial court's judgment.

In *Anders* cases, appellate courts have the authority to modify judgments in cases where there is nonreversible error. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (holding that an appellate court has authority to modify a judgment in an *Anders* appeal); *see also Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) ("[A]ppellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error.").

Here, the bill of costs shows that Moore was assessed $350.00 in court costs. Even so, the trial court's judgment orders Moore to pay $365.00 in court costs. We find that the record does not support the additional $15.00 in court costs ordered by the judgment.

Accordingly, we modify the trial court's judgment to reflect that the court costs owed are $350.00 instead of $365.00. As modified, we affirm the trial court's judgment.[2]

Scott E. Stevens
Chief Justice

Date Submitted:    December 23, 2024
Date Decided:    December 31, 2024

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.